**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case NO.:

**EZEQUIEL RODRIGUEZ**,
    Plaintiff,

v.

**AT&T MOBILITY SERVICES LLC,**
    Defendant.
_____

**COMPLAINT**

Plaintiff EZEQUIEL RODRIGUEZ ("RODRIGUEZ"), by counsel, sues the Defendant AT&T MOBILITY SERVICES LLC ("AT&T) and as grounds, states as follows:

**PARTIES**

1. RODRIGUEZ is an individual of Hispanic ethnicity residing in Miami-Dade County and an "employee" as defined by and within the meaning of the Age Discrimination in Employment Act ("ADEA").

2. Defendant AT&T is a Delaware limited liability company doing business within the State of Florida and Miami-Dade County and an "employer" within the meaning of the ADEA.

3. This action is brought pursuant to the provisions of the Age Discrimination in Employment Act ("ADEA"), the Americans With Disabilities Act ("ADA"), Title VII The Civil Rights Act of 1991 ("Title VII"), and the Civil Rights Act of 42 United States Code §1981 (§1981).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this Complaint and this cause pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights).

5. Venue is proper within the Southern District of Florida as all of the events giving rise to this claim occurred within this judicial district.

## CONDITIONS PRECEDENT

6. On or about May 15, 2020, RODRIGUEZ filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.

7. Less than ninety days have passed since Plaintiff received a Notice of Right to Sue from the EEOC, which was dated December 28, 2020.

## GENERAL ALLEGATIONS

8. Plaintiff was born in 1958 and is presently sixty two years old.

9. Plaintiff has worked for AT&T since February 2013. His last position was Client Solutions Executive which is a sales position in which he has been successful.

10. AT&T has been laying off a large number of employees and as a result, has had to make a large number of severance offers to outgoing employees.

11. As a result, AT&T has been separating employees with bogus and pre-textual assertions of disciplinary and rule violations.

12. The employees thus separated tend to be older and higher compensated employees, like Plaintiff.

13. In Plaintiff's case, AT&T contended he did not have company permission for his wife to use a company SIM card following the birth of a baby.

14. Plaintiff is the father and caregiver for a severely disabled quadriplegic son. He generally provides care five to six hours a day.

15. Shortly before Plaintiff was terminated, his wife, who is not the mother of the child described above, gave birth and was thus less available to render secondary and tertiary care for the older disabled child.

## COUNT I

## AGE DISCRIMINATION

17. Plaintiff readopts and re-alleges ¶ 1 through 14 as if fully set forth herein.

18. AT&T's policies adversely impacts workers older than forty.

19. Plaintiff was terminated because of his age in violation of the ADEA.

20. AT&T's implementation of its polices was a willful act and Plaintiff is entitled to liquidated damages through time of trial

WHEREFORE Plaintiff requests the following relief:

a. Entry of judgment for economic and liquidated damages against the Defendant AT&T;

b. Declare that AT&T engaged in unlawful age discrimination and that AT&T's policies disproportionately impact older workers and violates the ADEA;

c. Require AT&T to reinstate Plaintiff with full back pay or in lieu of reinstatement award front pay;

d. Award costs, interest, and attorneys' fees; and

e. Such other and further relief as may be deemed just and proper.

## COUNT II

## RACE DISCRIMINATION

21. Plaintiff readopts and re-alleges ¶ 1 through 16 as if fully set forth herein.

22. Plaintiff was discriminated against because AT&T disproportionately promotes Caucasian workers.

23. This practice disproportionally benefits non-Hispanic Caucasian workers.

24. As a direct and proximate result, Plaintiff has sustained a violation of his right under Title VII and under §1981.

WHEREFORE Plaintiff requests the following relief:

a. Entry of a judgment for restitutionary, compensatory, and punitive damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life;

b. Declare that AT&T unlawfully discriminated against Plaintiff on account of his race;

c. Award costs, interest, and attorneys' fees; and

d. Such other and further relief as may be deemed just and proper.

## COUNT III

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

25. Plaintiff readopts and re-alleges ¶ 1 through 38 above as if fully set forth herein.

26. The ADA specifically protects family members of disabled persons from discrimination on account of disability.

27. By firing him, the conduct of the Defendant discriminated against him as the caregiver for a close family member in violation of the ADA.

28. As a direct, natural, foreseeable, and proximate result of the actions and inactions of Defendant, by and through the actions and inactions of its managerial personnel, Plaintiff has suffered injuries and losses including a violation of his statutory rights, pain and suffering and extreme emotional stress, and loss of ability to lead a normal life, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff requests the following relief:

    a. Entry of a judgment for restitutionary, compensatory, and punitive damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation, and loss of capacity to enjoy life;

    b. Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by the ADA; and

    c. Any other equitable relief deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No.: 0203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Counsel for Plaintiff*
2645 Executive Park Drive, Weston, Fla. 33331
Tel: (954) 641-3441